IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WES TERN DIVISION

BRENDAN T. LEE, etc.,

                   Plaintiff,          Case No. 3:08 CV 1739

  -vs-

                                            MEMORANDUM OPINION

CHARLES R. MARLOWE, JR.,

                   Defendant.

KATZ, J

     This cause is before the Court on Plaintiff's motion for partial summary judgment (Doc. No. 50. Defendant has filed an opposition (Doc. No. 60) and Plaintiff has filed a reply (Doc. No. 63).

     During the evening August 31, 2007, Defendant was traveling westbound on the Ohio Turnpike when his vehicle struck a right-hand guardrail three times, and then swerved across two lanes of traffic, crossing the median separating the eastbound and westbound lanes of traffic, and struck Plaintiff's decedents' vehicle head-on, causing their deaths.

     To Plaintiff's negligence claim, Defendant asserts the defense of "sudden medical emergency," as recognized under Ohio law (which governs this aspect of the case). To establish this defense, Defendant bears the burden of showing: 1) that he was suddenly stricken by a period of unconsciousness; 2) that he had no reason to anticipate, and which 3) rendered it impossible for him to control his vehicle. See *Roman v. Estate of Gotto*, 791 N.E.2d 422, 432-33, 99 Ohio St.3d 260, 272-73 (Ohio 2003). Plaintiff has moved for summary judgment as to Defendant's liability, asserting that Defendant lacks sufficient evidence to establish the "sudden medical emergency" defense. This Court now grants Plaintiff's motion.

Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party bears the initial responsibility of "informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 2553, 91 L. Ed. 2d 265 (1986). The movant may meet this burden by demonstrating the absence of evidence supporting one or more essential elements of the non-movant's claim. *Id.* at 323-25. Once the movant meets this burden, the opposing party "must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S. Ct. 2505, 2541, 91 L. Ed. 2d 202 (1986) (*quoting* Fed. R. Civ. P. 56(e)).

Once the burden of production has so shifted, the party opposing summary judgment cannot rest on its pleadings or merely reassert its previous allegations. It is not sufficient "simply [to] show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S. Ct. 1348, 1356, 89 L. Ed. 2d 538 (1986). Rather, Rule 56(e) "requires the nonmoving party to go beyond the pleadings" and present some type of evidentiary material in support of its position. *Celotex*, 477 U.S. at 324, 106 S. Ct. at 2553; *see also Harris v. General Motors Corp.*, 201 F.3d 800, 802 (6th Cir. 2000). Summary judgment must be entered "against a party who fails to make a showing sufficient to establish the

existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322, 106 S. Ct. at 2552.

"In considering a motion for summary judgment, the Court must view the facts and draw all reasonable inferences therefrom in a light most favorable to the nonmoving party." *Williams v. Belknap*, 154 F. Supp. 2d 1069, 1071 (E.D. Mich. 2001) (citing *60 Ivy Street Corp. v. Alexander*, 822 F.2d 1432, 1435 (6th Cir. 1987)). However, "'at the summary judgment stage the judge's function is not himself to weigh the evidence and determine the truth of the matter,'" *Wiley v. U.S.*, 20 F.3d 222, 227 (6th Cir. 1994) (quoting *Anderson*, 477 U.S. at 249); therefore, "[t]he Court is not required or permitted . . . to judge the evidence or make findings of fact." *Williams*, 154 F. Supp. 2d at 1071. The purpose of summary judgment "is not to resolve factual issues, but to determine if there are genuine issues of fact to be tried." *Abercrombie & Fitch Stores, Inc. v. Am. Eagle Outfitters, Inc.*, 130 F. Supp. 2d 928, 930 (S.D. Ohio 1999). Ultimately, this Court must determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 251-52; *see also Atchley v. RK Co.*, 224 F.3d 537, 539 (6th Cir. 2000).

In seeking to establish the first element of the "sudden medical emergency" defense, that Defendant suddenly fell unconscious, Defendant relies on the testimony of an expert witness, Dr. James Bingle. This Court has already ruled Dr. Bingle's testimony on this point inadmissible under *Daubert v. Merrill Dow Pharms., Inc.*, 509 U.S. 579 (1993), and thus Defendant cannot rely on Dr. Bingle's testimony to create a genuine issue of material fact as to the first element of the "sudden medical emergency" defense.

Defendant is thus left to rely on the testimony of two eyewitnesses, Kevin and Cynthia Magda, to satisfy his burden on summary judgment as to the first element of the "sudden medical emergency" defense.[1] At around the time of the accident, the Magdas were driving behind Defendant's car, and witnessed Defendant's vehicle strike the right-hand guardrail three times prior to crossing over the median and into oncoming traffic. Both Kevin and Cynthia Magda acknowledge that they could not see the driver of the car. Deposition of Kevin Magda (hereinafter "K. Magda Deposition") at 37:14; Deposition of Cynthia Magda (herinafter "C. Magda Deposition") at 25:13.  Their testimony is that, in their opinion, if the driver of Defendant's car had fallen asleep, the force of hitting the right-hand guardrail would have awakened him. K. Magda Deposition at 29:24-25, 30:1-4;  C. Magda Deposition at 19:15-18. Yet both concede that, in their opinion, it is just as likely that Defendant became unconscious as a result of striking the guardrail, as it is that Defendant struck the guardrail as a result of becoming unconscious. K. Magda Deposition at 37:18-25; C. Magda Deposition at 25:14-18.

Under Ohio law, it is the Defendant who bears the burden of establishing that the accident was caused by his sudden period of unconsciousness. The Magdas testimony, however, is completely equivocal on this point, because, as they concede, it is just as likely that Defendant fell unconscious after striking the guardrail as before. They cannot, therefore, testify as to whether Defendant lost control of his vehicle as a result of sudden unconsciousness, as opposed to any other factor. Therefore, Defendant cannot carry his burden "mak[ing] a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will

---

[1] Defendant has asserted a complete lack of memory as to the circumstances of the accident, and thus does not seek to rely on his own testimony in opposing summary judgment.

bear the burden of proof at trial," *Celotex*, 477 U.S. at 322, as to the first element of the "sudden medical emergency" defense.

Defendant asserts no other defense to liability besides "sudden medical emergency." Therefore, summary judgment as to Defendant's liability is granted.

IT IS SO ORDERED

                                               s/ *David A. Katz*
                                               DAVID A. KATZ
                                               U. S. DISTRICT JUDGE